UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE EDGEWOOD COMPANY, INC.,<br><br>                                 *Plaintiff*,<br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>OFFICE OF ADMINISTRATIVE JUDGES OF THE UNITED STATES DEPARTMENT OF LABOR,<br><br>LORI CHAVEZ-DeREMER, Secretary of the U.S. Department of Labor, in her official capacity,<br><br>and<br><br>LAUREN BOUCHER, Administrative Law Judge of the United States Department of Labor, in her official capacity.<br><br>                                 *Defendants.* | **Civil Action No. _____** |

**COMPLAINT**

      Plaintiff, Edgewood, Inc. ("Edgewood"), by counsel, for its Complaint against the United States Department of Labor ("Department" or "DOL"); the Office of Administrative Law Judges of the United States Department of Labor ("OALJ"); Lori Chavez-DeRemer, in her official capacity as Secretary of the United States Department of Labor; and Lauren Boucher, in her official capacity as an Administrative Law Judge of the United States Department of Labor ("ALJ Boucher"), states as follows:

1

## INTRODUCTION

This is an action under 28 U.S.C. §§ 2201-02 seeking declaratory relief and to enjoin Defendants from conducting the administrative proceeding against Edgewood currently pending within DOL's OALJ and captioned, *Administrator, Wage and Hour Division v. The Edgewood Company*, Case No. 2024-TAE-00004 (the "Administrative Proceeding"). The Administrative Proceeding is an appeal of DOL's determination that Edgewood has violated the law, and as a consequence owes (1) monetary damages for unpaid wages to Edgewood's employees, which included both American workers and foreign workers who held an H-2B visa and (2) additional Civil Monetary Penalties.

Without relief from this Court, an evidentiary hearing on the merits of Edgewood's appeal is scheduled to be held by ALJ Boucher on July 14, 2025, without a jury, in violation of Edgewood's constitutional right to a jury trial guaranteed by the Seventh Amendment, as recently affirmed by the Supreme Court in *SEC v. Jarkesy*, 603 U.S. 109, 144 S. Ct. 2117 (2024). In addition, the Administrative Proceeding violates Edgewood's constitutional rights under Article III and the Due Process Clause of the Fifth Amendment. Finally, the APA requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity." *See* 5 U.S.C. § 706(2)(B).

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 because Edgewood's claims arise under the United States Constitution and federal statutes.

## VENUE

2. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District and the government

Defendants are located in this District.

## PARTIES

3. Edgewood is a business corporation organized under the laws of Pennsylvania. Edgewood's principal place of business is located in Malvern, Pennsylvania.

4. DOL, which includes the Wage and Hour Division ("WHD"), is an agency of the federal government.

5. OALJ is the office within DOL to which the Secretary of Labor has delegated authority to adjudicate administrative claims brought by WHD. OALJ selected ALJ Boucher as the administrative law judge presiding over the Administrative Proceeding.

6. Secretary Chavez-DeRemer is the Secretary of the United States Department of Labor. She is named as a Defendant in her official capacity.

7. ALJ Boucher is the administrative law judge with OALJ who is presiding over the Administrative Proceeding. She is named as a Defendant in her official capacity.

## FACTUAL ALLEGATIONS

8. Edgewood is a specialty landscape contractor based in Malvern, Pennsylvania. At the time of the investigation that led to the claims asserted by DOL in the Administrative Proceeding, Edgewood had for many years, when there was a demonstrated lack of available U.S. labor, supplemented its U.S. workforce with foreign workers employed temporarily through the H-2B non-agricultural visa program. *See* 8 U.S.C. § 1101(a)(15)(H)(ii)(b); 20 C.F.R. § 655.1 *et seq.*; 29 C.F.R. § 503.0 *et seq.*

9. In 2022 and 2023, DOL employees in WHD's Pittsburgh, Pennsylvania office investigated Edgewood's compliance with various employment laws administered and enforced

by DOL, including DOL's H-2B program regulations, for the period from January 1, 2021, through December 31, 2022.

10. On December 6, 2023, DOL's Wage and Hour Division issued an *Administrator's Determination Pertaining to Violations Involving H-2B Nonimmigrant Workers*, Reference # 1972521 ("*Administrator's Determination*"). The *Administrator's Determination* states that Edgewood violated specific provisions within 29 C.F.R. § 503, violated specific attestations it made in its USCIS Form I-129, *Petition for a Nonimmigrant Worker* ("I-129 Petition"), and violated specific attestations it made in its ETA Form 9142B, *Application for Temporary Employment Certification* ("9142 Application"). According to the *Administrator's Determination*, "$446.273.98 in unpaid wages is owed to seventy-four (74) workers and civil monetary penalties in the amount of $264,016.78 are assessed."[1] A copy of the *Administrator's Determination* is attached as Exhibit A.

11. Included with the *Administrator's Determination* is a three-page *Summary of Violations and Remedies Chart* which identified three categories of violations and the remedies Edgewood must pay for each. *See* Ex. A. at 7-9.

12. First, the *Summary of Violations and Remedies Chart* states that Edgewood failed to correctly pay its "US workers"[2] and as a consequence, DOL imposed the following remedies:

- Back Wages:              $87,885.69
- Civil Monetary Penalties:   $39,616.78

---

[1]   The 74 workers consist of both U.S. (American) employees and employees with an H-2B visa.

[2]   The *Summary of Violations and Remedies Chart* makes clear that this first category of violations arose from wages Edgewood failed to pay to "US workers," not to workers with an H-2B visa. In other words, DOL's Administrative Proceeding against Edgewood is, in part, an effort to recover Back Wages from an *American* employer and distribute them to *American* workers— without a jury trial.

13. Second, the *Summary of Violations and Remedies Chart* states that Edgewood failed to correctly pay its workers with H-2B visas and as a consequence, DOL imposed the following remedies:

- Back Wages: $358,388.29
- Civil Monetary Penalties: $89,760.00

14. Third, the *Summary of Violations and Remedies Chart* states that Edgewood failed to retain certain documents and as a consequence, DOL imposed the following remedies:

- Back Wages: $0.00
- Civil Monetary Penalties: $134,640.00

15. The *Administrator's Determination* stated that Edgewood must pay $446,273.98 in Back Wages and $264,016.78 in Civil Monetary Penalties to DOL and that those amounts "constitute a debt owed to the Federal government." Ex. A at 2.

16. The *Administrator's Determination* also explained that Edgewood could be required to pay interest, administrative cost charges, and an additional 6% penalty to the government on any portion of the debt remaining delinquent for more than 90 days, and that failure to pay the assessed Back Wages and Civil Monetary Penalties on time could result in debarment of Edgewood from future labor certifications. *See id*.

17. The *Administrator's Determination* advised Edgewood that, pursuant to DOL's regulations at 29 C.F.R. § 503.43, it "has the right to request a hearing on this determination" that it owes $446,273.98 in Back Wages and $264,016.78 in Civil Monetary Penalties to DOL. *Id.* The *Administrator's Determination* further explained that a request for a hearing must be received by the Chief Administrative Law Judge "no later than 30 calendar days after the date of this determination." *Id*. Because the Administrator's Determination was dated December 6, 2023, the 30-day deadline meant that Edgewood had until January 5, 2024, to request a hearing.

18. Edgewood timely requested a hearing on the *Administrator's Determination* on January 3, 2024, in accordance with the DOL regulation.

19. Following the Supreme Court's decision in *Jarkesy*, Edgewood filed a *Demand for Jury Trial* with ALJ Boucher pursuant to Seventh Amendment to the U.S. Constitution on October 9, 2024. A copy is attached as Exhibit B.

20. On October 28, 2024, ALJ Boucher issued an *Order Denying Respondent's Demand for Jury Trial*. A copy is attached as Exhibit C.

21. In her *Order*, ALJ Boucher stated two reasons for her decision to deny Edgewood's demand for a jury trial. First, she stated that

> The applicable regulations do not provide for a jury trial, nor is there any other authority that would enable me to grant a jury trial. Rather, the regulations specifically provide for administrative hearings relating to the Administrator's determinations. Therefore, I am constrained to hear this matter in a manner consistent with the applicable statute and regulations.

Ex. C at 1.

22. Second, ALJ Boucher stated that

> I lack the authority to determine the constitutionality of the H-2B statute and regulations. *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994). Therefore, I do not reach the merits of Respondent's argument."

*Id.* at 2. ALJ Boucher noted that Edgewood "has preserved the issue for appeal" but concluded that the administrative hearing "will proceed as scheduled." *Id.*

23. On November 27, 2024, Edgewood filed a *Petition for Review* of ALJ Boucher's *Order* with DOL's administrative law judge appellate body, the Administrative Review Board ("ARB"). A copy is attached as Exhibit D.

24. In its *Petition for Review*, Edgewood stated that "an ALJ unquestionably has the authority to apply Supreme Court precedent." *See* Ex. D at 4. Edgewood argued that "an ALJ

6

cannot deny a party's rights guaranteed by the Constitution on the basis that an agency regulation fails to acknowledge the Constitutional right." *Id.* (citing *Jones Bros. v. Secretary of Labor*, 898 F.3d 669, 674 (2018), *and* 5 U.S.C. § 3331).

25. Edgewood's *Petition for Review* added:

> Even if an ALJ is not authorized to provide a jury trial, it does not follow that the ALJ must blindly continue an enforcement proceeding that does not include a jury trial. Yet that is the path taken in the Order even though the ALJ undoubtedly has the authority to cease the enforcement proceeding until such time as the Administrator complies with the Constitution.

*Id.* at 5.

26. On December 6, 2024, the ARB docketed Edgewood's appeal and issued an *Order to Show Cause* because Edgewood had first not obtained a certification of a controlling question of law from ALJ Boucher before pursuing its appeal.

27. On December 11, 2024, Edgewood filed with ALJ Boucher an *Expedited Request for an Order Certifying a Controlling Question of Law for Interlocutory Review*.

28. On December 18, 2024, ALJ Boucher granted Edgewood's expedited request by issuing an *Order Granting Respondent's Motion to Certify Controlling Question of Law for Interlocutory Review*. A copy is attached as Exhibit E.

29. In her *Order* certifying a controlling question of law, ALJ Boucher made three findings: (1) "there is a controlling question of law at issue," (2) "there are substantial grounds for a difference of opinion," and (3) "an interlocutory appeal may materially advance the litigation." Ex. E at 2.

30. The *Order* certifying a controlling question of law further explained that

> If the parties fully litigate this matter before me only to find later that Respondent was entitled to a jury trial (and I did not have the authority to decide the dispute), the parties will be forced to relitigate the entire case before a jury in a federal district

court. Determining now whether Respondent is entitled to a jury trial will minimize the burdens of litigation on both the parties and the judicial system.

Ex. E at 2-3.

31. ALJ Boucher's *Order* certifying a controlling question of law concluded:

Accordingly, Respondent's Request is GRANTED. The issue of whether Respondent is entitled to a jury trial under the Seventh Amendment is CERTIFIED to the Administrative Review Board for consideration pursuant to Respondent's interlocutory appeal.

*Id.* at 3.

32. On December 23, 2024, Edgewood filed with ARB its *Response to Order to Show Cause and Renewal of Petition for Review*. A copy is attached as Exhibit F. Edgewood stated that ALJ Boucher issued an order on December 18, 2024, certifying the question of law for interlocutory review, and attached a copy of ALJ Boucher's *Order*. *See* Ex. F at 2. Having demonstrated its compliance with the December 10 *Order to Show Cause*, Edgewood renewed its *Petition for Review*. *Id.* at 3.

33. On February 28, 2024, ARB issued its *Decision and Order Denying Interlocutory Appeal*. A copy is attached as Exhibit G. ARB's *Decision and Order* identified three reasons for its denial of Edgewood's petition for review.

34. The ARB's first reason for denying Edgewood's interlocutory appeal was that:

[A]lthough the Board may consider as applied constitutional challenges, the Board may not consider facial challenges to the legality of a regulatory provision or the constitutionality of a statutory provision. Indeed, the Board has long held it does not have the power to pass on the constitutional validity of the statutes and regulations it administers.

Ex. G at 2 (internal citations and markings omitted).

35. The ARB's second reason for denying Edgewood's interlocutory appeal was that:

Although we categorically do not yet reach the merits of Respondent's argument, Respondent's position at first blush does not appear to present an as applied

8

constitutional argument that would allow us to navigate these waters. Neither the statute nor the regulations allow for jury trials; Respondent's jury demand appears to necessarily imply that the H-2B statute and implementing regulations are inherently unconstitutional under *Jarkesy* and cannot be implemented as written. The limitation on the Board's authority to pass on the facial constitutionality of the statues and regulations it administers -- and the broader prohibition against ruling on the validity of the Department's appropriately promulgated regulations -- thus persuades us that accepting the appeal at this time would not appear to materially advance the ultimate termination of the litigation.

*Id.* at 3.

36. The ARB's third reason for denying Edgewood's interlocutory appeal was that:

Regardless, and as a completely independent basis to deny the motion, the Board's authority to hear interlocutory appeals remains entirely discretionary. And, notably, a fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. This rule must bind not only the courts, but also the administrative agencies they review, for if it did not, such agencies, by unnecessarily deciding constitutional issues, would compel the courts to resolve such issues as well. The general rule against reaching broad constitutional questions when there may be other dispositive grounds to settle a dispute further persuades us that this is not the truly exceptional case that warrants ignoring our general practice to refuse piecemeal appeals, and to reserve judgment on this issue until (*and if*) it reaches us through the normal course of litigation. As a matter of discretion, we thus further find that Respondent's petition does not justify delaying the hearing below.

*Id.* at 3-4 (internal citations omitted).

37. Put differently, the ARB ruled that it would not even consider whether Edgewood could vindicate its constitutional rights until *after* Defendants concluded the Administrative Proceeding that violates Edgewood's constitutionally protected rights.

## SUMMARY OF CONSTITUTIONAL VIOLATIONS

38. Defendants' actions in connection with the Administrative Proceeding, and the Administrative Proceeding itself, violate numerous protections enshrined in the U.S. Constitution.

39. Even though ALJ Boucher is aware of Edgewood's demand for a jury trial on DOL's claims for back wages and civil money penalties, both of which constitute a debt to the

9

federal government, ALJ Boucher refused to consider the merits of Edgewood's request. ALJ Boucher refused to decide whether Edgewood's Seventh Amendment protections apply to the Administrative Proceeding because, in her own words, "I lack the authority to determine the constitutionality of the H-2B statute and regulations." *See* Ex. C at 2.

40. Whether the H-2B statute and the Department of Labor's regulations are constitutional is a different question than whether Edgewood's Seventh Amendment protections apply to the Administrative Proceeding. Edgewood did not ask ALJ Boucher to determine the constitutionality of the H-2B statute or the Department of Labor's regulations. Edgewood simply demanded the jury trial to which it is entitled.

41. ALJ Boucher's refusal to consider whether the Administrative Proceeding against Edgewood violates Edgewood's constitutionally protected rights, and her readiness to adjudicate DOL's claims in the Administrative Proceeding despite Edgewood's constitutional objections, demonstrates why an Article I tribunal is not an appropriate forum for adjudicating DOL's claims against Edgewood.

42. The Administrative Proceeding is unconstitutional, and Defendants' actions violate Edgewood's constitutional rights, for the reasons set forth below.

43. First, the Administrative Proceeding presided over by an ALJ without a jury violates Edgewood's Seventh Amendment right to a jury trial.

44. "Congress cannot eliminate a party's Seventh Amendment right to a jury trial merely by relabeling the cause of action to which it attaches and placing exclusive jurisdiction in an administrative agency or a specialized court of equity." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 61 (1989). Similarly, DOL's claims against Edgewood, which seek Back Wages and Civil Monetary Penalties, are claims in law, not equity, and therefore the Administrative Proceeding is

akin to a suit at common law and Edgewood is entitled to the protections of the Seventh Amendment.  *See Jarkesy*, 144 S. Ct. at 2128-31.

45. The Department's regulations fail to recognize that the Seventh Amendment protection of a jury trial applies to claims like DOL's claims against Edgewood.

46. Second, the Administrative Proceeding violates Article III and thus violates the separation of powers.

47. Article III provides that the judicial power of the United States is vested "in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."  U.S. Const. art. III, § 1.  Article III makes clear that this judicial power "extend[s] to all Cases, in Law and Equity, arising under … the Laws of the United States." U.S. Const. art. III, § 2, cl. 1. Congress may not "confer the Government's judicial power on entities outside Article III." *See Stern v. Marshall*, 564 U.S. 462, 484 (2011).

48. Because claims seeking money damages "implicate the core private right to property[,]" they must be brought in an Article III judicial forum and cannot be heard by an Article I tribunal.  *Axon v. Federal Trade Comm'n*, 598 U.S 175, 204 (2023) (Thomas, J., concurring).

49. Allowing DOL's claims to be tried by an Article I tribunal, rather than in an Article III court, violates the separation of powers.

50. Third, the Administrative Proceeding is unconstitutional because it violates due process. According to the Department's regulations prescribing the rules that apply in the Administrative Proceeding, "[t]he Federal Rules of Evidence and [the administrative rules of evidence in] 29 CFR part 18, subpart B, will not apply[.]" *See* 29 C.F.R. § 503.44(b). Similarly, DOL has designed its own procedural rules that are different from those that apply in an Article III court and in the Administrative Proceeding DOL will only apply the Federal Rules of Civil

Procedure in the absence of a statute, administrative regulation, or executive order addressing the issue. *See* 29 C.F.R. § 18.10(a).

51. Because the protections that the administrative rules of evidence and the administrative procedure afford to Edgewood in the Administrative Proceeding are less robust than the protections that the Federal Rules of Evidence and Federal Rules of Civil Procedure would afford Edgewood, if defending against DOL's claims in an Article III court where they properly belong, Edgewood's due process rights are infringed.

52. The right to a jury trial, moreover, is an additional measure of process and protection that Edgewood is properly due but cannot receive in an Article I tribunal because DOL's regulations do not take into account, or even acknowledge the existence of, Edgewood's right to a jury trial. *See Jarkesy*, 144 S. Ct. at 2145-46 (Gorsuch, J., concurring) ("Because the penalty the SEC seeks would deprive Mr. Jarkesy of property, due process demands nothing less than the process and proceedings of the common law. That means the regular course of trial proceedings with their usual protections, not the use of ad hoc adjudication procedures before the same agency responsible for prosecuting the law, subject only to hands-off judicial review[.]") (internal citations and markings omitted).

53. Additionally, ALJ Boucher has ruled that she lacks authority to consider, and will not consider, fundamental constitutional questions such as whether Edgewood is entitled to a jury trial. The ARB has similarly claimed that it has limited or no authority to consider constitutional questions. These declarations of inadequate authority stand in stark contrast to an Article III court's inherent judicial authority to determine whether government actions violate the Constitution.

54. Under the enforcement scheme devised by DOL, the agency's employees drafted the very regulations Edgewood was found to have violated, the agency's employees conducted the investigation of Edgewood and issued the determination of violations, the agency's employees imposed the penalties for those violations, the agency's employees are prosecuting Edgewood in the Administrative Proceeding, and the agency's employees, the administrative law judges (the presiding ALJ and the ARB) are adjudicating Edgewood's appeal in the Administrative Proceeding. All of these individuals are "servants of the same master" – the Secretary of Labor. *Jarkesy*, 144 S. Ct. at 2140 (Gorsuch, J., concurring).

55. Defendants' failure to ensure the protection of Edgewood's rights in the adjudication of DOL's claims violates Edgewood's rights under the Due Process Clause of the Fifth Amendment.

56. Defendants' deprivation of Edgewood's constitutional rights constitutes and is an irreparable injury. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976).

57. The time for the Court to review and resolve such constitutional violations is now. *See Axon*, 598 U.S. at 191. *Axon* holds that federal district courts should rule on constitutional challenges to agency enforcement proceedings to prevent "here-and-now" injuries that "cannot be undone" through appellate review and thus must be ruled upon as they arise. *Id.* Under *Axon*, the Administrative Proceeding should be enjoined before, not after, Edgewood suffers the "here-and-now" injury of being required to submit to an unlawful Administrative Proceeding that violates its constitutional rights.

## SUMMARY OF STATUTORY VIOLATION

58. The APA requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

59. DOL's Administrative Proceeding is an agency action that is contrary to constitutional right, power, privilege, or immunity as described in the preceding paragraphs.

60. The Court should hold unlawful and set aside DOL's Administrative Proceeding because it is contrary to constitutional right, power, privilege, or immunity.

## COUNT I: VIOLATION OF THE RIGHT TO JURY TRIAL

U.S. Const. amend. VII
(against all Defendants)

61. Edgewood reasserts and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

62. The Seventh Amendment states: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."

63. The Seventh Amendment entitles a litigant to a jury trial on claims that are legal in nature where the value in controversy exceeds twenty dollars.

64. DOL's claims set forth in the *Notice of Determination* against Edgewood, which are pending in the Administrative Proceeding, are legal in nature because they seek unpaid Back Wages in excess of twenty dollars.

65. DOL's claims set forth in the *Notice of Determination* against Edgewood, which are pending in the Administrative Proceeding, are legal in nature because they seek Civil Monetary Penalties in excess of twenty dollars.

66. The amount or value in controversy in the Administrative Proceeding exceeds twenty dollars.

67. DOL's claims against Edgewood for unpaid wages and for civil money penalties do not fit within the narrow "public rights" exception to the Seventh Amendment's right to a jury trial.

68. Defendants' actions relating to the Administrative Proceeding, including the adjudication of DOL's claims by ALJ Boucher, violate Edgewood's Seventh Amendment right to a trial by jury and constitutes an ongoing, irreparable, "here-and-now" harm to Edgewood.

## COUNT II: VIOLATION OF THE SEPARATION OF POWERS

U.S. Const. art. III
(against all Defendants)

69. Edgewood reasserts and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

70. Because DOL is seeking Back Wages and Civil Monetary Penalties, Edgewood's private rights are at stake in the Administrative Proceeding.

71. Claims involving private rights cannot be removed from the jurisdiction of Article III courts. DOL's claims against Edgewood, and the relief that DOL seeks, implicate the judicial power which Article III vests exclusively in the federal courts. By adjudicating DOL's claims before an Article I officer (ALJ Boucher) in the Administrative Proceeding, Defendants violate Article III and the Separation of Powers and thereby infringe Edgewood's rights and interests.

72. Defendants' unconstitutional actions constitute an ongoing, irreparable, "here-and-now" harm to Edgewood.

## COUNT III: VIOLATION OF THE RIGHT TO DUE PROCESS

U.S. Const. amend. V
(against all Defendants)

73. Edgewood reasserts and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

74. Defendants violate the Fifth Amendment's guarantee of due process of law by subjecting Edgewood to the Administrative Proceeding before an Article I officer (ALJ Boucher) and denying Edgewood's demand for a jury trial.

75. Defendants violate the Fifth Amendment's guarantee of due process of law by depriving Edgewood of procedural and substantive safeguards Edgewood would enjoy in an Article III court. If DOL's claims against Edgewood were to be adjudicated in an Article III court, Edgewood would be granted the full procedural and substantive safeguards of the Federal Rules of Evidence and Federal Rules of Civil Procedure. By contrast, the inapplicability of the Federal Rules of Evidence and Federal Rules of Civil Procedure in the Administrative Proceeding creates substantial uncertainty about what evidentiary and procedural rules will apply in the Administrative Proceeding, whether those rules will provide protections equivalent to the Federal Rules of Evidence and Federal Rules of Civil Procedure, and whether ALJ Boucher will apply those rules appropriately.

76. Defendants violate the Fifth Amendment's guarantee of due process of law by subjecting Edgewood to process whereby (1) Department of Labor employees promulgated regulations purportedly governing Edgewood's conduct; (2) Department of Labor employees investigated Edgewood; (3) Department of Labor employees determined that Edgewood violated

DOL regulations; and (4) Department of Labor employees imposed penalties for those violations. Currently, in the Administrative Proceeding, (5) Department of Labor employees (lawyers) are prosecuting Edgewood for the regulatory violations (6) before an Article I tribunal where the presiding officer (and finder-of-fact) is an administrative law judge who is a Department of Labor employee. If Edgewood challenges any decision of the administrative law judge, that action (7) will be heard by the ARB, which is also comprised of administrative law judges who are Department of Labor employees.

77. Defendants' unconstitutional actions constitute an ongoing, irreparable, "here-and-now" harm to Edgewood.

## COUNT IV: VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

5 U.S.C. § 706
Agency Action That is Contrary to Constitutional Right
(against all Defendants)

78. Edgewood reasserts and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

79. The APA requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

80. DOL's Administrative Proceeding is contrary to constitutional right, power, privilege, or immunity because Defendants are depriving Edgewood of its constitutional rights.

81. Because DOL's administrative regulations governing the Administrative Proceeding purport to require Edgewood to submit to an adjudication of DOL's claims in a manner that would deprive Edgewood of its constitutional rights, DOL's administrative regulations are unconstitutional as applied to Edgewood.

82. DOL's administrative regulations' failure to provide for a jury trial in an Article III court violates the APA because the regulatory scheme is contrary to constitutional right, power, privilege, or immunity, and Defendants are depriving Edgewood of its constitutional rights.

**PRAYER FOR RELIEF**

Wherefore, Edgewood respectfully requests that the Court:

A. Declare that the Administrative Proceeding against Edgewood is unlawful;

B. Set aside the Administrative Proceeding;

C. Enjoin, preliminarily and permanently, Defendants from continuing the Administrative Proceeding;

D. Declare that DOL's administrative regulations are unlawful as applied to the Administrative Proceeding against Edgewood;

E. Enjoin, preliminarily and permanently, the administrative regulations which are unlawful as applied to DOL's Administrative Proceeding against Edgewood;

F. Award Edgewood its reasonable costs and fees, including under the Equal Access to Justice Act; and

G. Other such relief, at law and in equity, as justice may require.

Respectfully submitted,

/s/R. Wayne Pierce
R. Wayne Pierce
THE PIERCE LAW FIRM, LLC
133 Defense Highway, Suite 201
Annapolis, Maryland 21401-7015
Telephone: 410-573-9955
WPierce@AdventureLaw.com

*and*

Leon R. Sequeira, MO Bar No. 52303\*\*
Joseph A. Bilby, KY Bar No. 94384\*\*
**SEQUEIRA BILBY PLLC**
106 Progress Drive
Frankfort, KY 40601
Telephone: (502) 409-1778
Leon@SequeiraBilby.com
Joe@SequeiraBilby.com

*Counsel for Plaintiff*


\*\**PHV applications forthcoming*