U.S. Department of Labor    Wage and Hour Division
1617 JFK Boulevard, Suite 1780
Philadelphia PA 19103
Tel & fax: 267-514-6096
Email: rivera-maribel@dol.gov@dol.gov



CERTIFIED MAIL RETURN RECEIPT REQUESTED: # 7022 2410 0003 1975 6498

December 6, 2023

Mr. Timothy Fry President/Owner
The Edgewood Company
2350 Yellow Springs Road
Malvern, PA 19355

**Subject:    Administrator's Determination Pertaining to Violations Involving H-2B Nonimmigrant Workers**

Reference #: 1972521

Dear Mr. Fry:

An investigation conducted by this office of The Edgewood Company pursuant to the H-2B provisions of the Immigration and Nationality Act (INA), as amended, 8 U.S.C. §§ 1101(a)(15)(H)(ii)(b) *et seq.*, 1184(c)(14), and regulations at 20 C.F.R. part 655, subpart A and 29 C.F.R. part 503, covering the period from 1/1/2021 through 12/31/2022, disclosed that The Edgewood Company committed the following violations relating to the USCIS Form I-129, Petition for a Nonimmigrant Worker (I-129 Petition) and the Application for Temporary Employment Certification (ETA Form 9142B with Appendix B) (9142 Application) filed under the 2015 regulations: a substantial failure to comply with: prohibition against preferential treatment, obligation to pay the wage listed on the I-129 or 9142 application and document retention requirements.  Any I-129 Petition or 9142B Application included in this investigation is listed.

The enclosed Summary of Violations and Remedies indicates the specific violations regarding the I-129 Petition and the 9142B Application, and the remedy imposed for each violation, which we discussed in our final conference with The Edgewood Company .  As a consequence of the H-2B violations, **$446,273.98** in unpaid wages is owed to seventy-four **(74)** workers and civil money penalties in the amount of **$264,016.78** are assessed.  Please note that where The Edgewood Company violated both an I-129 requirement and the corresponding 9142B Application requirement, the associated back wages and civil money penalties are listed under each citation on the enclosed Summary of Violations and Remedies.  However, the back wages and civil money penalties for such violations will be collected under only one citation.  The Edgewood Company is liable for any ongoing violations.

The Edgewood Company must pay back wages in the amounts listed on the Summary of Unpaid Wages, Form WH-56, which is enclosed with this letter, and civil money penalties no later than

Exhibit A, p. 1

30 calendar days after the date of this determination, unless The Edgewood Company requests an appeal no later than 30 calendar days after the date of this determination, as instructed below.

Back wage payments must follow procedures as outlined in the Back Wage Disbursement and Pay Evidence Instructions enclosed with this letter.  The Edgewood Company is responsible for withholding the legally required deductions (*e.g.,* Federal and State income tax and FICA) and paying these amounts and the employer's contributions to the appropriate entities. A certified check or money order in the net amount of back wages should be made payable to the name(s) of the individual(s) owed back wages or "Wage and Hour Division – Labor" and must be submitted to the Wage and Hour Division, U.S. Department of Labor, 1617 JFK Boulevard Suite 1780, Philadelphia, PA 19103.

The civil money penalties must be paid by submitting a certified check or money order, payable to "Wage and Hour Division - Labor," to the Wage and Hour Division, U.S. Department of Labor, 1835 Market Street, Mailstop WHD/19 Philadelphia, PA 19103.

The dollar amounts reflected above constitute a debt owed to the Federal government.  This debt is subject to the assessment of interest, administrative cost charges, and penalties in accordance with the Debt Collection Act of 1982, and departmental policies.  Interest will be assessed at the Treasury Tax and Loan Account Rate on any balance outstanding from the date of this notice, accruing from the notice date.  Administrative cost charges will be assessed to help defray the Government's cost of collecting this debt.  A penalty at the rate of 6% will be assessed on any portion of the debt remaining delinquent for more than 90 days.  In order to avoid these charges, forward payments to the office listed above by the indicated due date.  Please note that any pending bankruptcy action may affect the foregoing remedies.

The regulation at 29 C.F.R. § 503.24(a)(5) provides for debarment from future labor certifications for a prescribed period of time for failure to pay the assessed back wages and civil money penalties by the indicated date due.

The Edgewood Company has the right to request a hearing on this determination.  Such a request must be dated, be typewritten or legibly written, specify the issue(s) stated in this notice of determination on which a hearing is requested, state the specific reason(s) why the requestor believes this determination to be in error, be signed by the requestor or by an authorized representative, and include the address at which the requestor or the authorized representative desires to receive further communications relating to the hearing request.

The request must be made to and received by the Chief Administrative Law Judge (OALJ) at the following address no later than 30 calendar days after the date of this determination:

Chief Administrative Law Judge
U.S. Department of Labor
800 K Street NW, Room 400 North
Washington, DC 20001-8002

Due to the delayed delivery of mail in certain areas, The Edgewood Company may wish to transmit its request to the OALJ via facsimile at 202-693-7365 to ensure timely receipt.  Note

Exhibit A, p. 2

2

that, pursuant to 29 C.F.R. § 503.43(d), if the request is made by facsimile transmission, the original of the request, signed by the party or its attorney or agent, must be filed within 25 days.

Pursuant to 29 CFR 18.30, you may also file the request electronically through the Department's eFile/eServe system by creating an account at https://efile.dol.gov/ and following the prompts to submit your request. Until further notice, OALJ will also accept filings via email under the procedures stated at https://www.dol.gov/agencies/oalj/FILING_BY_EMAIL. A party who files a document by electronic means shall not also file a hard copy.  The determination will take effect on the date of this Notice unless an administrative appeal is properly filed.  The timely filing of an administrative appeal stays the determination pending the outcome of the appeal proceedings.

The procedure for filing a request for a hearing is provided in 29 C.F.R. 503.43.  Please note that 29 C.F.R. § 503.43(f) requires that a copy of any such request for a hearing must also be sent to me and to those parties listed below.

The fact that the above sanctions/remedies are being imposed for the H-2B violations found at this time does not preclude the taking of other enforcement action as is deemed appropriate by the Department of Labor, including the additional assessments of back wages or civil money penalties for additional violations of the H-2B provisions found at some future time.

A copy of 20 C.F.R. part 655 subpart A and 29 C.F.R. part 503 can be found at the following web address: http://www.gpo.gov/fdsys/pkg/FR-2015-04-29/pdf/2015-09694.pdf

Sincerely,



Maribel Rivera-Lopez
Assistant District Director

Enclosures:   Summary of Violations and Remedies
              WH-56
              Back Wage Disbursement and Pay Evidence Instructions
              List of 9142/9142B Applications/I-129 Petitions
              Regional Office Receipt of Payment
              District Office Receipt of Payment

cc:           Chief Administrative Law Judge
              U.S. Department of Labor
              800 K Street NW Room 400 North
              Washington, DC 20001-8002

              Administrator
              Wage and Hour Division
              U.S. Department of Labor
              200 Constitution Avenue NW, Room S-3510

Exhibit A, p. 3

Washington, DC 20210

Associate Solicitor of Labor
Fair Labor Standards Division
U.S. Department of Labor
200 Constitution Avenue NW, Room N-2716
Washington, DC 20210

Regional Administrator
Wage and Hour Division
U.S. Department of Labor
1835 Market Street, Mailstop WHD/19
Philadelphia, PA 19103

Regional Solicitor
Office of the Solicitor, Region III
U.S. Department of Labor
1835 Market Street, Mailstop SOL/22
Philadelphia, PA 19103-2968

Leon Sequeira, Esq.
11205 Highway 329
Prospect, KY 40059
Cell: (202) 255-9023
Fax: (202) 464-5565
LSequeira@LRS-LAW.COM

Exhibit A, p. 4

4

**U.S. Department of Labor**
**Wage and Hour Division**

Case ID:              1972521

Act:                  H-2B
EIN:                  26-1891305
Name:                 The Edgewood Company

Employer address:    2350 Yellow Springs Road
                     Malvern, PA 19355

Unpaid Wages
Amount Due:          **$446,273.98**

Civil Money
Penalty Amount
Due:                 **$264,016.78**

**THIS SHEET MUST BE INCLUDED WITH PAYMENT**

**YOU MUST WRITE YOUR TAX ID ON YOUR CHECK**

MAIL TO:

      U.S. Department of Labor
      Wage and Hour Division
      1835 Market Street, Mailstop WHD/19
      Philadelphia, PA 19103

Amount paid:        $ _____
Date of payment:    _____
Check number:       _____
Signature:          _____

- - Regional Office Copy - -

Exhibit A, p. 5

5

# U.S. Department of Labor
# Wage and Hour Division

Case ID: 1972521

Act: H-2B
EIN: 26-1891305
Name: The Edgewood Company

Employer address: 2350 Yellow Springs Road
Malvern, PA 19355

Unpaid Wages Amount Due: **$446,273.98**

Civil Money Penalty Amount Due: **$264,016.78**

**YOU MUST RETURN THIS SHEET TO THE ASSESSING OFFICE**

MAIL TO:

U.S. Department of Labor
Wage and Hour Division
1617 JFK Boulevard, Suite 1780
Philadelphia, PA 19103

Amount paid:      $ _____
Date of payment:  _____
Check number:    _____
Signature:        _____

- - District Office Copy -

Exhibit A, p. 6

6

## Summary of Violations and Remedies Chart
## Under the 2015 Regulations- 9142B with Appendix B and I-129 Petition
## The Edgewood Company

Please note that where **The Edgewood Company** violated both an I-129 requirement and the corresponding 9142/9142B Application requirement, the associated back wages and civil money penalties are listed under each citation. However, the back wages and civil money penalties for such violations will be collected under only one citation.

| Violation Cited Under the 2015 Regulations and I-129 Petition | | | | Remedies | | |
|---|---|---|---|---|---|---|
| Violation Type/Name/Description | Applicable Enforcement Document(s) | Violated Attestation and/or Requirement | Affected 9142/9142B Application# and/or I-129 Petition# (or date signed, if # unavailable) | Back Wages Assessed | Civil Money Penalty Assessed | Total(s) Due for Payment Regarding this Violation |
| **The Edgewood Company** substantially failed to comply with the prohibition against preferential treatment. Specifically, **The Edgewood Company** offered more favorable terms, including paying protected US workers lower wage rates than the H-2B workers. | 9142B | Attestation #4 & 29 CFR 503.16(q) | **2021/** H-400-20336-932107 | $55,202.56 | $14,960.00 | Back wages: $87,885.69<br><br>CMP: $39,616.78 |
| | | | **2021/** H-400-21184-443692 | $8,799.69 | $8,799.69 | |
| | | | **2022/** H-400-21335-735146 | $897.09 | $897.09 | |
| | | | **2022/** H-400-22814-329808 | $22,986.35 | $14,960.00 | |

| | | | | | |
|---|---|---|---|---|---|
| **The Edgewood Company** substantially failed to comply with obligation to pay the wage listed on the I-129 Petition or 9142 Application. | 9142B | Attestation #5 & 29 CFR 503.16(a)(1) 29 CFR 503.16(a)(4) 29 CFR 503.16(b) | **2020**/ H-400-19336-173505 | $74,594.73 | $14,960.00 | Back wages: $358,388.29 CMP: $89,760.00 |
| | | | **2020**/ H-400-20185-694367 | $32,958.11 | $14,960.00 | |
| | | | **2021**/ H-400-20336-932107 | $112,337.90 | $14,960.00 | |
| | | | **2021**/ H-400-21001-987008 | $69,747.30 | $14,960.00 | |
| | | | **2021**/ H-400-21184-443692 | $32,897.45 | $14,960.00 | |
| | | | **2022**/ H-400-22001-796719 | $35,852.78 | $14,960.00 | |
| | I-129 | Part 5, questions 9-10 | **2020**/ EAC 2008851765 | $74,594.73 | $14,960.00 | |
| | | | **2020**/ EAC 2028451477 | $32,958.11 | $14,960.00 | |
| | | | **2021**/EAC 2108951100 | $112,337.90 | $14,960.00 | |
| | | | **2021**/EAC 2213151548 | $69,747.30 | $14,960.00 | |
| | | | **2021**/EAC 2129751167 | $32,897.45 | $14,960.00 | |

| | | | | | |
|---|---|---|---|---|---|
| | | | **2022/**EAC 2213751842 | $35,852.78 | $14,960.00 | |
| **The Edgewood Company** substantially failed to comply with document retention requirements. | 9142B | Attestation #26 & 29 CFR 503.17 | **2021/** H-400-20336-932107<br><br>**2021/** H-400-21001-987008<br><br>**2021/** H-400-21184-443692<br><br>**2022/** H-400-21335-735146<br><br>**2022/** H-400-22001-796719<br><br>**2022/** H-400-22814-329808 | | $22,440.00<br><br>$22,440.00<br><br>$22,440.00<br><br>$22,440.00<br><br>$22,440.00<br><br>$22,440.00 | Back wages:<br><br>$0<br><br><br>CMP:<br><br>$134,640.00 |