UNITED STATES DEPARTMENT OF LABOR
ADMINSTRATIVE REVIEW BOARD

|   |   |
|---|---|
| Administrator, Wage and Hour Division,<br>    *Prosecuting Party* )<br>)<br>v. )<br>)<br>The Edgewood Company, Inc., )<br>    *Respondent*. )<br>) | ARB Case No. _____<br><br>ALJ Case No: 2024-TNE-00004 |

## THE EDGEWOOD COMPANY INC.'S PETITION FOR REVIEW

Pursuant to 29 C.F.R. § 503.51, The Edgewood Company, Inc. ("Edgewood") files this Petition for Review of Administrative Law Judge ("ALJ") Lauren C. Boucher's October 28, 2024, *Order Denying Respondent's Demand for Jury Trial* ("Order") in the above-referenced case, which is attached hereto.

### INTRODUCTION

This case arises out of a Notice of Determination issued on December 6, 2023, by the Assistant District Director in the Philadelphia, Pennsylvania office of the Wage and Hour Division ("WHD") of the Department of Labor ("DOL"), on behalf of the Administrator of WHD. The Notice of Determination alleges Edgewood violated various provisions of the H-2B temporary nonagricultural visa program. Edgewood timely requested a hearing on the Administrator's Determination on January 3, 2024. Edgewood subsequently filed a Demand for Jury Trial pursuant to the Seventh Amendment to the U.S. Constitution, following the Supreme Court's decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024). On October 28, 2024, the ALJ issued an Order denying Edgewood's Demand for Jury Trial.

Exhibit D, p. 1

**ISSUE**

1. Whether the Order erroneously denied Edgewood's Demand for Jury Trial on the basis that the ALJ lacks authority to determine the constitutionality of the H-2B statue and regulations when Edgewood has not challenged the constitutionality of the H-2B statute and regulations.

**BACKGROUND**

Edgewood is a specialty landscape contractor based in Malvern, Pennsylvania and at the time of the WHD investigation, had for many years supplemented its U.S. workforce with foreign workers employed through the H-2B agricultural visa program when there was a demonstrated lack of available U.S. labor. *See* 8 U.S.C. § 1101(a)(15)(h)(ii)(b); 20 C.F.R. § 655.1 *et seq.*; 29 C.F.R. § 503.0 *et seq.*

The Pittsburgh, Pennsylvania office of WHD investigated Edgewood's compliance with the H-2B program regulations for the period of January 1, 2021, through December 31, 2022. On December 6, 2023, WHD issued a Notice of Determination alleging Edgewood violated the USCIS Form I-129 Petition and the DOL ETA From 9142B application "filed under the 2015 regulations" and assessed $446,273.98 in unpaid wages to 74 H-2B and U.S. workers, and $264,016.78 in civil money penalties. Edgewood timely requested an administrative hearing pursuant to 29 C.F.R. § 503.43, and subsequently filed a Demand for Jury Trial. On October 28, 2024, the ALJ issued an Order denying Edgewood's Demand for Jury Trial. The Order states that it does "not reach the merits of Respondent's argument" for a jury trial. Order at 2. The Order further explains that the ALJ "lack[s] the authority to determine the constitutionality of the H-2B statute and regulations" and therefore denies Respondent's Demand for Jury Trial. *Id.*

Exhibit D, p. 2

**ARGUMENT**

**The Order erroneously denies Edgewood's Demand for Jury Trial on the claimed basis that the ALJ lacks authority to determine the constitutionality of the H-2B statue and regulations when Edgewood has not challenged the constitutionality of the H-2B statute and regulations.**

    **A. Edgewood's Jury Trial Demand is not a challenge to the constitutionality of the H-2B statute and regulations.**

Edgewood filed a Demand for Jury Trial based on rights guaranteed by the Seventh Amendment to the U.S. Constitution and pursuant to the Supreme Court's decision in *Jarkesy*. The Court's landmark decision in *Jarkesy* provides the framework by which to evaluate Edgewood's Jury Trial Demand. Yet, the Order makes no attempt whatsoever to apply *Jarkesy* to this matter and plainly states that it does "not reach the merits of Respondent's argument." Order at 2. Instead of evaluating the merits of Edgewood's Jury Trial Demand and determining whether the claims brought by the Administrator fall within the ambit of *Jarkesy*, the Order simply claims the ALJ lacks the "authority to determine the constitutionality of the H-2B statute and regulations." *Id.*

The Order's conclusion, however, does not follow from Edgewood's Jury Trial Demand, as Edgewood never challenged the constitutionality of the H-2B statute and regulations. Claiming that Edgewood's Jury Trial Demand was somehow a request for the ALJ to rule on the constitutionality of the statute or regulations was a strawman argument raised by the Administrator in her Opposition to the Jury Trial Demand, which the Order acknowledges. *See Order at 1-2.* ("**Administrator asserts** Respondent's demand is a constitutional facial challenge to the applicable statute and regulations [and] **I agree with the Administrator** that I lack authority to determine the constitutionality of the H-2B statute and regulations") (emphasis added).

Exhibit D, p. 3

The Order contains no analysis explaining how a Jury Trial Demand constitutes a challenge to the constitutionality of the H-2B statute or regulations. Edgewood's Jury Trial Demand asserted that the Administrator's claims in this matter are of the type that implicate the Seventh Amendment right to a jury trial, as explained in *Jarkesy*. While an ALJ may not possess the authority to invalidate a statute or regulation on constitutional grounds, an ALJ unquestionably has the authority to apply Supreme Court precedent. Yet, the Order proclaims that because the "applicable regulations do not provide for a jury trial" the ALJ is "constrained to hear this matter in a manner consistent with the applicable statute and regulations." Order at 1.

The Order fails to explain why the ALJ is not similarly constrained to hear this matter in a manner consistent with the Constitution and consistent with Supreme Court precedent. An ALJ is not precluded from addressing issues that raise constitutional concerns. Indeed, an ALJ cannot deny a party's rights guaranteed by the Constitution on the basis that an agency regulation fails to acknowledge the Constitutional right. In evaluating the enforcement action by a DOL agency, the Sixth Circuit has explained that:

> Agency actors must continually interpret and apply their statutory duties in light of constitutional boundaries. . . . [and] [t]hat ongoing duty to conform its behavior with our highest law is inherent in and inseparable from the Executive's obligation to "take Care that the Laws be faithfully executed."

*Jones Bros. v. Secretary of Labor*, 898 F.3d 669, 674 (2018) (quoting U.S. Const. art. II, § 3); *see also* 5 U.S.C. § 3331.

Edgewood has not challenged the validity of the Administrator's (or the ALJ's) statutory or regulatory duties under the statute or regulation. Rather, Edgewood has raised a concern about the way the Administrator (and the ALJ) have executed their duties by pursuing an enforcement action against Edgewood without providing a jury trial, as mandated by the Constitution and by *Jarkesy*. The agency (and the ALJ) each plainly has the authority to

4

"entertain [Edgewood's] claim and remedy the constitutional infirmity" of the proceeding. *Jones Bros.*, 898 F.3d at 675. Even if an ALJ is not authorized to provide a jury trial, it does not follow that the ALJ must blindly continue an enforcement proceeding that does not include a jury trial. Yet that is the path taken in the Order even though the ALJ undoubtedly has the authority to cease the enforcement proceeding until such time as the Administrator complies with the Constitution. *See id.* (explaining that an agency can "just stop the discriminatory enforcement" action that violates the Constitution).

### B. The Administrator's enforcement action implicates Edgewood's right to a jury trial guaranteed by the Seventh Amendment.

The Court explained in *Jarkesy* that an action that is legal in nature implicates the jury trial protections of the Seventh Amendment. The Court set out a simple two-part test to determine whether an action is legal in nature. *See* 144 S. Ct. at 2128-32. The first part of the test requires an evaluation of whether the claims in the matter are analogous to common law causes of action and the second part requires an evaluation of whether the remedy sought is of the type traditionally obtained in a court of law. *Id.*

In this matter, the Administrator claims Edgewood failed to properly compensate 74 U.S. and H-2B workers for work performed, and consequently owes $446,273.98 in "unpaid wages" to those workers. The Administrator also seeks $264,016.78 in civil money penalties as a result of the alleged violations of law.

First, the Administrator's claim that Edgewood failed to pay the correct amount of wages to individuals for work performed is analogous to a common law breach of contract claim, rendering the claim legal in nature. In addition, a claim for unpaid wages is analogous to a claim under the Fair Labor Standards Act, which has "been uniformly interpreted to provide a right to

5

jury trial." *Bledsoe v. Emery Worldwide Airlines,* 635 F.3d 836, 845 (6th Cir. 2011); *see also Lorillard v. Pons*, 434 U.S. 575, 580 (1978).

Second, the Administrator seeks from Edgewood civil money penalties for the alleged violations of law. The remedy sought by the Administrator fits squarely within the facts of *Jarkesy* where the SEC sought civil penalties. As the Court explained, "the remedy is all but dispositive" given that civil penalties are "money damages" which "are the prototypical common law remedy." *Jarkesy*, 144 S. Ct. at 2129. The Court further explained that a monetary remedy is legal in nature when "it is designed to punish or deter the wrongdoer." *Id*. There is no question that the purpose of the $264,016.78 in assessed civil money penalties in this case is designed to punish Edgewood.

The Administrator's enforcement action against Edgewood satisfies both elements of the test laid out in Jarkesy and Edgewood is therefore entitled to the protections of a jury trial in defending against the Administrator's claims.

## CONCLUSION

The Administrator's enforcement action implicates Edgewood's Seventh Amendment right to a jury trial. The Order's blatant refusal to even consider the merits of Edgewood's Jury Trial Demand and the failure to apply applicable Supreme Court precedent forces Edgewood to participate in an enforcement action without the jury trial protection guaranteed by the Constitution. The Order is contrary to law in concluding that Edgewood is not entitled to the protection of jury trial in defending against the Administrator's claims. Petitioner respectfully requests that the Order be reversed.

Respectfully submitted and dated this 27th day of November 2024.

*[signature: Leon R. Sequeira]*

Leon R. Sequeira, Esq.
11205 Highway 329
Prospect, KY 40059
(202) 255-9023
lsequeira@lrs-law.com

COUNSEL FOR THE EDGEWOOD COMPANY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, The Edgewood Company, Inc.'s *Petition for Review* was served via the ARB e-file system and via email to ALJ Lauren K. Baucher at OALJ-CherryHill@dol.gov and to Counsel for the Administrator at

kuschel.elizabeth.a@dol.gov
Elizabeth Kuschel
Office of the Solicitor
U.S. Department of Labor
1835 Market Street
Philadelphia, PA 19103

*[signature: Leon R. Sequeira]*

Leon R. Sequeira, Esq.
11205 Highway 329
Prospect, KY 40059
(202) 255-9023
lsequeira@lrs-law.com

Exhibit D, p. 7

# UNITED STATES DEPARTMENT OF LABOR
## OFFICE OF ADMINISTRATIVE LAW JUDGES
### Cherry Hill, New Jersey

_____

**Issue Date: 28 October 2024**

Case No.: 2024-TNE-00004

In the Matter of:

**ADMINISTRATOR, WAGE AND HOUR DIVISION,**
**U.S. DEPARTMENT OF LABOR,**
    Plaintiff/Prosecuting Party

    v.

**THE EDGEWOOD COMPANY,**
    Respondent/Employer

## ORDER DENYING RESPONDENT'S DEMAND FOR JURY TRIAL

    This matter arises from the request for a hearing filed by The Edgewood Company ("Respondent") regarding a determination letter issued on December 6, 2023, by the Administrator of the Wage and Hour Division of the U.S. Department of Labor ("Administrator"). The Administrator's determination arises from the Secretary of Labor's enforcement of the H-2B provisions of the Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(H)(ii)(b), as amended, and its implementing regulations set forth at 20 C.F.R. Part 655, Subpart A, and 29 C.F.R. Part 503. A hearing is scheduled for January 28, 2025.

    On October 9, 2024, Respondent filed a Demand for Jury Trial. Respondent contends it is entitled to a jury trial because the Administrator assessed unpaid wages and civil money penalties, which are remedies at common law. Respondent relies on the Seventh Amendment to the U.S. Constitution and the U.S. Supreme Court's recent decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024). On October 24, 2024, the Administrator filed an opposition. The Administrator asserts Respondent's demand is a constitutional facial challenge to the applicable statute and regulations, which is beyond the scope of an administrative agency to decide.

    The applicable regulations do not provide for a jury trial, nor is there any other authority that would enable me to grant a jury trial. Rather, the regulations specifically provide for administrative hearings relating to the Administrator's determinations. Therefore, I am constrained to hear this matter in a manner consistent with the applicable statute and regulations. *See* 29 C.F.R. §§ 18.12(b)(1) and (7) (providing the ALJ authority to "[r]egulate the course of proceedings in accordance with applicable statute, regulation or executive order" and to "terminate proceedings through dismissal when not inconsistent with such authority").

Exhibit D, p. 8

Additionally, I agree with the Administrator that I lack the authority to determine the constitutionality of the H-2B statute and regulations. *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994). Therefore, I do not reach the merits of Respondent's argument. *See In re Mow-It-Alls, LLC*, OALJ Nos. 2022-TAE-00012 & 2022-TAE-00018, slip op. at 3-4 (Oct. 16, 2024); *In re O'Bryan Composting, LLC*, OALJ No. 2023-TAE-00005, slip. op. at 3 (Oct. 1, 2024). Respondent has preserved the issue for appeal.

Because the applicable regulations do not provide for a jury trial, and because I do not have the authority to determine the constitutionality of the applicable statute and regulations, I **DENY** Respondent's Demand for Jury Trial. The hearing will proceed as scheduled.

**SO ORDERED.**



Digitally signed by Lauren C. Boucher
DN: CN=Lauren C. Boucher,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=CHERRY HILL, S=NJ, C=US
Location: Washington DC

                                            **LAUREN C. BOUCHER**
                                            Administrative Law Judge

Cherry Hill, New Jersey