## UNITED STATES DEPARTMENT OF LABOR
**OFFICE OF ADMINISTRATIVE LAW JUDGES**

### Cherry Hill, New Jersey
_____

**Issue Date: 18 December 2024**

Case No.:   2024-TNE-00004

In the Matter of:

**ADMINISTRATOR, WAGE AND HOUR DIVISION,**
**U.S. DEPARTMENT OF LABOR,**
    Plaintiff/Prosecuting Party

    v.

**THE EDGEWOOD COMPANY,**
    Respondent/Employer

### ORDER GRANTING RESPONDENT'S MOTION TO CERTIFY CONTROLLING QUESTION OF LAW FOR INTERLOCUTORY REVIEW

    This matter arises from the request for a hearing filed by The Edgewood Company ("Respondent") regarding a determination letter issued on December 6, 2023, by the Administrator of the Wage and Hour Division of the U.S. Department of Labor ("Administrator"). The Administrator's determination arises from the Secretary of Labor's enforcement of the H-2B provisions of the Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(H)(ii)(b), as amended, and its implementing regulations set forth at 20 C.F.R. Part 655, Subpart A, and 29 C.F.R. Part 503. A hearing is scheduled for May 6, 2025.

    On October 9, 2024, Respondent filed a Demand for Jury Trial. Respondent contends it is entitled to a jury trial because the Administrator assessed unpaid wages and civil money penalties, which are remedies at common law. Respondent relies on the Seventh Amendment to the U.S. Constitution and the U.S. Supreme Court's recent decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024). On October 24, 2024, the Administrator filed an opposition. The Administrator asserts Respondent's demand is a constitutional facial challenge to the applicable statute and regulations, which is beyond the scope of an administrative agency to decide.

    On October 28, 2024, I issued an Order Denying Respondent's Demand for Jury Trial. On November 27, 2024, Respondent filed with the Administrative Review Board ("ARB") a Petition for Review of my order denying a jury trial. On December 10, 2024, the ARB docketed Respondent's appeal and issued an Order to Show Cause because Respondent had not received certification of a controlling question of law from the ALJ. On December 11, 2024, Respondent filed an Expedited Request for an Order Certifying a Controlling Question of Law for Interlocutory Review by the ARB. On December 17, the Administrator filed an Opposition.

Exhibit E, p. 1

When considering interlocutory appeals, the ARB looks to the interlocutory review procedures employed by the federal courts. *Fagan v. Dep't of the Navy*, ARB No. 2023-0006, slip op. at 5 (Apr. 6, 2023). Specifically, the federal rules permit an interlocutory appeal when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, if an ALJ certifies that an interlocutory appeal meets these standards, the ARB may (in its discretion) hear the appeal. *Fagan*, ARB No. 2023-0006 at 5-7.

In my order, I denied a jury trial because the applicable regulations do not provide for a jury trial, and I am constrained to hear this matter in a manner consistent with those regulations. *See generally* 20 C.F.R. Part 655, Subpart A; 29 C.F.R. Part 503. Nonetheless, I recognize the Supreme Court's decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), calls into question whether Respondent is entitled to a jury trial under the Seventh Amendment (and, by extension, my authority to hear and decide this matter—in particular, my authority to assess [or to determine the appropriateness of the Administrator's assessment of] civil money penalties in the absence of a jury trial). Therefore, I find there is a controlling question of law at issue. *See Fagan*, ARB No. 2023-0006 at 7. Whether Respondent is entitled to a jury trial under the Seventh Amendment is obviously a legal issue that has implications beyond this case and does not depend upon an analysis of the particular facts presented in this case.

I also find there are substantial grounds for a difference of opinion. *See Fagan*, ARB No. 2023-0006 at 8. Whereas the applicable regulations do not provide for a jury trial in this matter (and only provide for an administrative hearing), the Supreme Court has determined that the Seventh Amendment confers a right to a jury trial for certain causes of action and remedies (*i.e.*, those available at common law, including civil money penalties). *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024). The Administrator argues there is no difference of opinion because Department of Labor ALJs have uniformly held that these types of enforcement actions should proceed administratively pursuant to the applicable regulations. However (as determined by each ALJ in nearly all the cases cited by the Administrator), it is not within an ALJ's purview to decide constitutional questions, such as whether respondents in such actions have a right to a jury trial under the Seventh Amendment.[1] Thus, this issue is ripe for decision by a higher tribunal.

Finally, I find an interlocutory appeal may materially advance the litigation. *See Fagan*, ARB No. 2023-0006 at 9. If the parties fully litigate this matter before me only to find later that Respondent was entitled to a jury trial (and I did not have the authority to decide the dispute), the parties will be forced to relitigate the entire case before a jury in a federal district court. Determining now whether Respondent is entitled to a jury trial will minimize the burdens of

---

[1] In one case cited by the Administrator, the ALJ reached the merits of the argument. *In re Stachowski Farm, Inc.*, 2020-TNE-00017 (Oct. 31, 2024). In each other cited case, the ALJ declined to reach the merits of the argument based on the ALJ's limited authority to decide constitutional issues. *In re Mow-It-Alls, LLC*, 2022-TAE-00012 & 2022-TNE-00018 (Oct. 16, 2024); *In re O'Bryan Composting, LLC*, 2023-TAE-00005 (Oct. 1, 2024); *In re EBS Healthcare, Inc.*, 2023-LCA-00013 (Sept. 3, 2024). This only further demonstrates that there is a difference of opinion on this issue.

litigation on both the parties and the judicial system. The Administrator argues this appeal may not materially advance the litigation because the ARB may also be limited in its authority to decide constitutional questions.[2] I decline to deny Respondent's motion based on the theory that the ARB is not authorized to decide the issue. I believe the most efficient way to resolve this critical question of law is to certify the question to a higher tribunal with the authority to reach the merits (whether that is the ARB or a whether the ARB may certify the question to a higher federal court) because, ideally, the question of whether Respondent is entitled to a jury trial should be decided *before* the matter is litigated.

Accordingly, Respondent's Request is **GRANTED**. The issue of whether Respondent is entitled to a jury trial under the Seventh Amendment is **CERTIFIED** to the Administrative Review Board for consideration pursuant to Respondent's interlocutory appeal. I **ORDER** Respondent to serve a copy of this order promptly on the Administrative Review Board. The parties must contact the ARB for additional instructions on how to proceed.

**SO ORDERED.**

                                                **LAUREN C. BOUCHER**
                                                Administrative Law Judge

Cherry Hill, New Jersey

---

[2] The Administrator also argues this matter falls within the "public rights" exception preserved by the *Jarkesy* Court. This argument goes to the merits of the question at issue, and I as determined in my order denying a jury trial (and as the Administrator argued in response to that motion), I lack the authority to determine the constitutionality of the H-2B statute and regulations. *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994).

# SERVICE SHEET

Case Name:  Wage_and_Hour_Divisi_v_The_Edgewood_Company_

Case Number: **2024TNE00004**

Document Title: **ORDER GRANTING RESPONDENT'S MOTION TO CERTIFY CONTROLLING QUESTION OF LAW FOR INTERLOCUTORY REVIEW**

I hereby certify that a copy of the above-referenced document was sent to the following this 18th day of December, 2024:

**Jonathan P. Brooks**
Paralegal Specialist

| | |
|---|---|
| Wage and Hour Division Administrator<br>Administrator<br>Wage and Hour Division<br>U. S. Dept. of Labor<br>Room S-3502, FPB<br>200 Constitution Ave., N.W.<br>WASHINGTON DC 20210<br>        *{Electronic - Regular Email}* | Philadelphia Regional Solicitor<br>Regional Solicitor<br>U. S. Department of Labor<br>1835 Market Street, Mailstop SOL/22<br>PHILADELPHIA PA 19103-2968<br>        *{Electronic - Regular Email}* |
| Associate Solicitor<br>Division of Fair Labor Standards<br>U. S. Department of Labor<br>Room N-2716, FPB<br>200 Constitution Ave., N.W.<br>WASHINGTON DC 20210<br>        *{Electronic - Regular Email}* | Leon Sequeira, Esq<br>lsequeira@lrs-law.com<br>11205 Highway 329<br>PROSPECT KY 40059<br>        *{Electronic - Regular Email}* |
| Regional Administrator<br>U. S. Department of Labor/ESA<br>Wage and Hour Division<br>The Curtis Center, Room 850 West<br>170 S. Independence Mall West<br>PHILADELPHIA PA 19106<br>        *{Electronic - Regular Email}* | Ndidi Menkiti<br>menkiti.ndidi.n@dol.gov<br>Office of the Solicitor, New York<br>201 Varick Street<br>Room 983<br>NEW YORK NY 10014<br>        *{Electronic - Regular Email}* |

Exhibit E, p. 4

**SERVICE SHEET** continued (2024TNE00004 Order)     Page: 2

Elizabeth Kuschel
kuschel.elizabeth.a@dol.gov
U.S. DOL Office of the Solicitor
1835 Market Street Mailstop SOL/22
PHILADELPHIA PA 19103
      *{Electronic - Regular Email}*

Exhibit E, p. 5