UNITED STATES DEPARTMENT OF LABOR
ADMINSTRATIVE REVIEW BOARD

|  |  |
|---|---|
| Administrator, Wage and Hour Division,<br>    *Prosecuting Party* | ARB Case No. 2025-0017 |
| v. | ALJ Case No: 2023-TNE-00004 |
| The Edgewood Company, Inc.,<br>    *Respondent*. |  |

**THE EDGEWOOD COMPANY INC.'S RESPONSE TO ORDER TO SHOW CAUSE AND RENEWAL OF PETITON FOR REVIEW**

The Edgewood Company, Inc. ("Edgewood"), through counsel, hereby submits its response to the *Order to Show Cause* issued on December 10, 2024, and in support thereof states as follows:

1. On November 27, 2024, Edgewood filed a *Petition for Review* pursuant to 29 C.F.R. § 503.51, of Administrative Law Judge ("ALJ") Lauren C. Boucher's October 28, 2024, *Order Denying Respondent's Demand for Jury Trial* ("Appealed Order").

2. On December 9, 2024, the Administrative Review Board ("ARB") docketed Respondent's petition.

3. On December 10, 2024, the ARB issued an *Order to Show Cause* stating the petition by Edgewood seeks interlocutory review and noting that Edgewood had not included with the petition an order from the ALJ certifying a controlling question of law for interlocutory review.

4. The *Order to Show Cause* explains that the ARB looks to the certification of a controlling question of law pursuant to 28 U.S.C. § 1292(b) when evaluating an interlocutory

Exhibit F, p. 1

appeal,[1] and provides Edgewood 14 calendar days in which to show cause why the ARB should not dismiss the interlocutory appeal.

    5.    The ARB has not published in the *Federal Register* rules of procedure governing petitions for review that the ARB deems to be interlocutory in nature.[2]  The Department of Labor webpage describing the "Rules of Practice and Procedure before the Administrative Review Board" notes that "[t]he Board applies the Federal Rules of Appellate Procedure to the extent practicable concerning" eight specified subjects, none of which concerns interlocutory appeals. *See* https://www.dol.gov/agencies/arb/resources/rules (last visited December 23, 2024).  That webpage also lists "several subject-specific rules of practice before the Board that have been published in the Code of Federal Regulations", but none of the enumerated sets of rules pertain to an H-2B enforcement matter or interlocutory review.  *Id.*

    6.    Thus, at the time it sought review, Edgewood, having not received actual and timely notice of the terms of the procedure utilized by the ARB for consideration of petitions for interlocutory review, was unaware of the terms of such procedure.

    7.    Having been advised in the *Order to Show Cause* of the terms of the interlocutory review procedure, Edgewood promptly sought from the ALJ a certification of the type described in 28 U.S.C. § 1292(b).

    8.    On December 18, 2024, the ALJ issued *Order Granting Respondent's Motion to Certify Controlling Question of Law for Interlocutory Review*, which is attached hereto.  *See* Ex. 1.

---

[1] By its own terms, 28 U.S.C. § 1292(b) does not apply to administrative proceedings.
[2] *See* 5 U.S.C. § 552(a); *see also* Admin. Conf. of the U.S., Recommendation 2018-5, *Public Availability of Adjudication Rules*, 84 Fed. Reg. 2139, 2142 (Feb. 6, 2019).

Exhibit F, p. 2

WHEREFORE Edgewood responds to the *Order to Show Cause* within 14 calendar days by providing herewith a copy of the ALJ's *Order Granting Respondent's Motion to Certify Controlling Question of Law for Interlocutory Review,* and provides such Order within 10 days after entry of the Order, and thereby shows cause why its *Petition for Review* should not be dismissed; and further, the ALJ's Order obviates the need for the ARB to consider review under the collateral order exception; and that by providing a copy of the ALJ's Order, Edgewood Renews it *Petition for Review*.

Respectfully submitted and dated this 23rd day of December 2024.

*[signature: Leon R. Sequeira]*

_____
Leon R. Sequeira, Esq.
SEQUEIRA BIBLY PLLC
106 Progress Drive
Frankfort, KY 40601
Telephone (202) 255-9023
Leon@SequeiraBilby.com
lsequeira@lrs-law.com

COUNSEL FOR THE EDGEWOOD COMPANY, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 23, 2024, *The Edgewood Company's Response to Order to Show Cause and Renewal of Petition for Review* was served via the ARB e-file system and via email to Counsel for the Administrator at

    kuschel.elizabeth.a@dol.gov

    Elizabeth Kuschel
    Office of the Solicitor
    U.S. Department of Labor
    1835 Market Street
    Philadelphia, PA 19103

*/s/ Leon R. Sequeira*

Leon R. Sequeira, Esq.

Exhibit F, p. 4

# UNITED STATES DEPARTMENT OF LABOR
## OFFICE OF ADMINISTRATIVE LAW JUDGES
### Cherry Hill, New Jersey

---

**Issue Date: 18 December 2024**

Case No.:   2024-TNE-00004

In the Matter of:

**ADMINISTRATOR, WAGE AND HOUR DIVISION,
U.S. DEPARTMENT OF LABOR,**
    Plaintiff/Prosecuting Party

    v.

**THE EDGEWOOD COMPANY,**
    Respondent/Employer

## ORDER GRANTING RESPONDENT'S MOTION TO CERTIFY CONTROLLING QUESTION OF LAW FOR INTERLOCUTORY REVIEW

    This matter arises from the request for a hearing filed by The Edgewood Company ("Respondent") regarding a determination letter issued on December 6, 2023, by the Administrator of the Wage and Hour Division of the U.S. Department of Labor ("Administrator"). The Administrator's determination arises from the Secretary of Labor's enforcement of the H-2B provisions of the Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(H)(ii)(b), as amended, and its implementing regulations set forth at 20 C.F.R. Part 655, Subpart A, and 29 C.F.R. Part 503. A hearing is scheduled for May 6, 2025.

    On October 9, 2024, Respondent filed a Demand for Jury Trial. Respondent contends it is entitled to a jury trial because the Administrator assessed unpaid wages and civil money penalties, which are remedies at common law. Respondent relies on the Seventh Amendment to the U.S. Constitution and the U.S. Supreme Court's recent decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024). On October 24, 2024, the Administrator filed an opposition. The Administrator asserts Respondent's demand is a constitutional facial challenge to the applicable statute and regulations, which is beyond the scope of an administrative agency to decide.

    On October 28, 2024, I issued an Order Denying Respondent's Demand for Jury Trial. On November 27, 2024, Respondent filed with the Administrative Review Board ("ARB") a Petition for Review of my order denying a jury trial. On December 10, 2024, the ARB docketed Respondent's appeal and issued an Order to Show Cause because Respondent had not received certification of a controlling question of law from the ALJ. On December 11, 2024, Respondent filed an Expedited Request for an Order Certifying a Controlling Question of Law for Interlocutory Review by the ARB. On December 17, the Administrator filed an Opposition.

Exhibit F, p. 5

When considering interlocutory appeals, the ARB looks to the interlocutory review procedures employed by the federal courts. *Fagan v. Dep't of the Navy*, ARB No. 2023-0006, slip op. at 5 (Apr. 6, 2023). Specifically, the federal rules permit an interlocutory appeal when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, if an ALJ certifies that an interlocutory appeal meets these standards, the ARB may (in its discretion) hear the appeal. *Fagan*, ARB No. 2023-0006 at 5-7.

In my order, I denied a jury trial because the applicable regulations do not provide for a jury trial, and I am constrained to hear this matter in a manner consistent with those regulations. *See generally* 20 C.F.R. Part 655, Subpart A; 29 C.F.R. Part 503. Nonetheless, I recognize the Supreme Court's decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), calls into question whether Respondent is entitled to a jury trial under the Seventh Amendment (and, by extension, my authority to hear and decide this matter—in particular, my authority to assess [or to determine the appropriateness of the Administrator's assessment of] civil money penalties in the absence of a jury trial). Therefore, I find there is a controlling question of law at issue. *See Fagan*, ARB No. 2023-0006 at 7. Whether Respondent is entitled to a jury trial under the Seventh Amendment is obviously a legal issue that has implications beyond this case and does not depend upon an analysis of the particular facts presented in this case.

I also find there are substantial grounds for a difference of opinion. *See Fagan*, ARB No. 2023-0006 at 8. Whereas the applicable regulations do not provide for a jury trial in this matter (and only provide for an administrative hearing), the Supreme Court has determined that the Seventh Amendment confers a right to a jury trial for certain causes of action and remedies (*i.e.*, those available at common law, including civil money penalties). *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024). The Administrator argues there is no difference of opinion because Department of Labor ALJs have uniformly held that these types of enforcement actions should proceed administratively pursuant to the applicable regulations. However (as determined by each ALJ in nearly all the cases cited by the Administrator), it is not within an ALJ's purview to decide constitutional questions, such as whether respondents in such actions have a right to a jury trial under the Seventh Amendment.[1] Thus, this issue is ripe for decision by a higher tribunal.

Finally, I find an interlocutory appeal may materially advance the litigation. *See Fagan*, ARB No. 2023-0006 at 9. If the parties fully litigate this matter before me only to find later that Respondent was entitled to a jury trial (and I did not have the authority to decide the dispute), the parties will be forced to relitigate the entire case before a jury in a federal district court. Determining now whether Respondent is entitled to a jury trial will minimize the burdens of

---

[1] In one case cited by the Administrator, the ALJ reached the merits of the argument. *In re Stachowski Farm, Inc.*, 2020-TNE-00017 (Oct. 31, 2024). In each other cited case, the ALJ declined to reach the merits of the argument based on the ALJ's limited authority to decide constitutional issues. *In re Mow-It-Alls, LLC*, 2022-TAE-00012 & 2022-TNE-00018 (Oct. 16, 2024); *In re O'Bryan Composting, LLC*, 2023-TAE-00005 (Oct. 1, 2024); *In re EBS Healthcare, Inc.*, 2023-LCA-00013 (Sept. 3, 2024). This only further demonstrates that there is a difference of opinion on this issue.

litigation on both the parties and the judicial system. The Administrator argues this appeal may not materially advance the litigation because the ARB may also be limited in its authority to decide constitutional questions.[2] I decline to deny Respondent's motion based on the theory that the ARB is not authorized to decide the issue. I believe the most efficient way to resolve this critical question of law is to certify the question to a higher tribunal with the authority to reach the merits (whether that is the ARB or a whether the ARB may certify the question to a higher federal court) because, ideally, the question of whether Respondent is entitled to a jury trial should be decided *before* the matter is litigated.

Accordingly, Respondent's Request is **GRANTED**. The issue of whether Respondent is entitled to a jury trial under the Seventh Amendment is **CERTIFIED** to the Administrative Review Board for consideration pursuant to Respondent's interlocutory appeal. I **ORDER** Respondent to serve a copy of this order promptly on the Administrative Review Board. The parties must contact the ARB for additional instructions on how to proceed.

**SO ORDERED.**



Digitally signed by Lauren C. Boucher
DN: CN=Lauren C. Boucher,
OU=Administrative Law Judge, O=US
DOL Office of Administrative Law
Judges, L=Washington, S=DC, C=US
Location: Washington DC

**LAUREN C. BOUCHER**
Administrative Law Judge

Cherry Hill, New Jersey

---

[2] The Administrator also argues this matter falls within the "public rights" exception preserved by the *Jarkesy* Court. This argument goes to the merits of the question at issue, and I as determined in my order denying a jury trial (and as the Administrator argued in response to that motion), I lack the authority to determine the constitutionality of the H-2B statute and regulations. *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994).