**U.S. Department of Labor**   Administrative Review Board
200 Constitution Ave. NW
Washington, DC 20210-0001



IN THE MATTER OF:

| | |
|---|---|
| ADMINISTRATOR, WAGE AND HOUR DIVISION, UNITED STATES DEPARTMENT OF LABOR, | ARB CASE NO. 2025-0017 |
| | ALJ CASE NO. 2024-TNE-00004 |
| PROSECUTING PARTY, | ALJ LAUREN C. BOUCHER |
| | DATE: February 28, 2025 |
| v. | |
| THE EDGEWOOD COMPANY, | |
| RESPONDENT. | |

**Before WARREN and ROLFE, Administrative Appeals Judges**

### DECISION AND ORDER DENYING INTERLOCUTORY APPEAL

PER CURIAM:

This matter arises under the H-2B provisions of the Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(H)(ii)(b), as amended, and its implementing regulations set forth at 20 C.F.R. Part 655, Subpart A, and 29 C.F.R. Part 503. While this case was pending before Administrative Law Judge (ALJ) Lauren C. Boucher, Respondent The Edgewood Company filed a Demand for Jury Trial, alleging that it was entitled to a jury trial under *SEC v. Jarkesy*.[1] On October 28, 2024, the ALJ denied Respondent's Demand. On November 27, 2024, Respondent filed a Petition for Review requesting that the Administrative Review Board (Board) review the ALJ's denial. On December 18, 2024, the ALJ certified, at Respondent's

---

[1]     603 U.S. 109 (2024).

request, the issue of whether Respondent is entitled to a jury trial under the Seventh Amendment.[2]

Pursuant to the authority delegated by the Secretary of Labor, the Board has "the discretionary authority to review interlocutory rulings in exceptional circumstances, provided such review is not prohibited by statute."[3] When determining whether to accept an interlocutory appeal, the Board follows the procedures described in 28 U.S.C. § 1292(b).[4] Consideration of requests for interlocutory review is essentially a two-step process: (1) the ALJ must certify that the interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and (2) when those elements are met, the Board then exercises its unfettered discretion in deciding whether to accept or reject the petition for review.[5]

Respondent contends that the Board should grant its petition because it received ALJ certification which "obviates the need for the ARB to consider review under the collateral order exception[.]"[6] Respondent further contends the ARB should grant its petition because, counter to the ALJ's finding that she lacked the authority to consider the constitutionality of the H-2B statute and regulations, an "ALJ is not precluded from addressing issues that raise constitutional concerns."[7]

In a recent decision, we clarified that although the Board may consider as applied constitutional challenges, the Board "may not . . . consider facial challenges to the 'legality of a regulatory provision or the constitutionality of a statutory provision[.]'"[8] Indeed, the Board has long held it does not have the power to pass on the constitutional validity of the statutes and regulations it administers.[9] And the

---

[2]    Order Granting Respondent's Motion to Certify Controlling Question of Law for Interlocutory Review at 3.

[3]    Secretary's Order No. 01-2020 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 85 Fed. Reg. 13,186 (Mar. 6, 2020).

[4]    *Berg v. Nicholas Servs., LLC*, ARB No. 2025-0027, ALJ No. 2023-AIR-00012, slip op. at 2 (ARB Jan. 31, 2025) (citing *Kim v. SK Hynix Memory Sols.*, ARB No. 2020-0020, ALJ No. 2019-SOX-00012, slip op. at 3-4 (ARB Jan. 28, 2020)).

[5]    *See Fagan v. Dep't of the Navy*, ARB No. 2023-0006, ALJ No. 2021-CER-00001, slip op. at 6 (ARB Apr. 6, 2023).

[6]    Respondent's Response to ARB's Order to Show Cause at 3.

[7]    Respondent's Petition for Review at 4.

[8]    *Adm'r, Wage & Hour Div., U.S. Dep't of Lab. v. Next Level Sec. Serv., LLC*, ARB No. 2024-0028, ALJ No. 2021-FLS-00009, slip op. at 6 n.27 (ARB July 31, 2024).

[9]    *See, e.g.*, *Minthorne v. Virginia*, ARB No. 2009-0098, ALJ Nos. 2009-CAA-00004, -00006, slip op. at 8-9 (ARB July 19, 2011) (observing that "it would be inappropriate for the

Exhibit G, p. 2

plain language of the Secretary's delegation of authority confirms as much: "[t]he Board shall not have jurisdiction to pass on the validity of any portion of the Code of Federal Regulations that has been duly promulgated by the Department of Labor[.]".[10]

Although we categorically do not yet reach the merits of Respondent's argument, Respondent's position at first blush does not appear to present an as applied constitutional argument that would allow us to navigate these waters. Neither the statute nor the regulations allow for jury trials; Respondent's jury demand appears to necessarily imply that the H-2B statute and implementing regulations are inherently unconstitutional under *Jarkesy* and cannot be implemented as written. The limitation on the Board's authority to pass on the facial constitutionality of the statues and regulations it administers -- and the broader prohibition against ruling on the validity of the Department's appropriately promulgated regulations -- thus persuades us that accepting the appeal at this time would not appear to materially advance the ultimate termination of the litigation.[11]

Regardless, and as a completely independent basis to deny the motion, the Board's authority to hear interlocutory appeals remains entirely discretionary.[12] And, notably, a "fundamental and longstanding principle of judicial restraint

---

ARB to pass upon the constitutionality of the [Clean Air Act]. Thus we will presume the constitutionality of the act[.]"); *Adm'r, Wage & Hour Div., U.S. Dep't of Lab. v. Overdevest Nurseries, L.P.*, ARB No. 2016-0027, ALJ No. 2015-TAE-00008, slip op. at 15 (ARB Mar. 15, 2018) (recognizing that a challenge to the validity of a regulation "is not properly before the Board.").

[10]    Secretary's Order No. 01-2020 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board), 85 Fed. Reg. 13,186 (Mar. 6, 2020).

[11]    Unlike the recent litigation regarding the inappropriate appointment of Department of Labor (DOL) ALJs after the Supreme Court issued *Lucia v. S.E.C.* 585 U.S. 237 (2018), Respondent's position on this issue does not seem to allow for a remedy available to DOL ALJs or the Board. As the Fourth Circuit recently explained, such an available remedy creates the distinction between an as applied constitutional challenge and a facial constitutional challenge: "Both ALJs and the Board can hear such as-applied challenges. Both ALJs and the Board can grant the requested relief of reassignment to a different ALJ. And both ALJs and the Board did in fact grant that relief in 'legions' of other black lung cases when the Appointments Clause challenge was 'properly raised.'" *Edd Potter Coal Co., Inc. v. Director, OWCP, U.S. Dep't of Lab.*, 39 F.4th 202, 211 (4th Cir. 2022) (citations omitted). By contrast, neither DOL ALJs nor the ARB have the authority to grant a jury trial.

[12]    *See, e.g., Berg*, ARB No. 2025-0027, slip op. at 3 (recognizing that that the Board exercises "unfettered discretion in deciding whether to accept or reject" a petition for interlocutory review."); *Fagan*, ARB No. 2023-0006, slip op. at 6 (recognizing that the Board's decision of whether to exercise its discretion to hear an interlocutory appeal is a prudential matter).

Exhibit G, p. 3

requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."[13] "This rule must bind not only the courts, but also the administrative agencies they review, for if it did not, such agencies, 'by unnecessarily deciding constitutional issues, would compel the courts to resolve such issues as well.'"[14] The general rule against reaching broad constitutional questions when there may be other dispositive grounds to settle a dispute further persuades us that this is not the truly exceptional case that warrants ignoring our general practice to refuse piecemeal appeals, and to reserve judgment on this issue until (*and if*) it reaches us through the normal course of litigation.[15] As a matter of discretion, we thus further find that Respondent's petition does not justify delaying the hearing below.

We **DENY** Respondent's Petition for Interlocutory Review.

**SO ORDERED.**

**IVEY S. WARREN**
**Administrative Appeals Judge**

**JONATHAN ROLFE**
**Administrative Appeals Judge**

---

[13]    *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988).

[14]    *Gutierrez v. INS*, 745 F.2d 548, 550 (9th Cir. 1984) (Kennedy, J.) (quoting *Tung Chi Jen v. INS*, 566 F.2d 1095, 1096 (9th Cir. 1977)).

[15]    *See Gunther v. Deltek, Inc.*, ARB Nos. 2012-0097, -0099, ALJ No. 2010-SOX-00049, slip op. at 2 (ARB Sept. 11, 2012) ("[T]he Secretary of Labor and the Board have held many times that interlocutory appeals are generally disfavored and that there is a strong policy against piecemeal appeals.") (citations omitted).

# CERTIFICATE OF SERVICE
_____

ARB-2025-0017 The Edgewood Company, Inc. v. The Edgewood Company, Inc. (Case No: 2024-TNE-00004)

I certify that the parties below were served this day.

_Young Joo Ch_

_____02/28/2025_____                              _____
        (DATE)                                              Young Joo "Kristen" Chung, Esq.
                                                            Clerk of the Appellate Boards


Laura Moskowitz, Esq.
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Room N-2716  , DC 20210


Mr. Leon Sequeira, Esq.
106 Progress Drive
Frankfort, KY 40601
        --Electronic


Office of the Solicitor, Division of Fair Labor
Standards
200 Constitution Ave, NW
Room N-2716
Washington, DC 20210
        --Electronic


U.S. Department of Labor, Office of Administrative
Law Judges
200 Constitution Avenue, N.W.
Room S-4325
Washington, DC 20210
        --Electronic


Exhibit G, p. 5